

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-11-2006

# Anderson v. Bureau of Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4560

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Anderson v. Bureau of Prisons" (2006). *2006 Decisions.* Paper 1275.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1275

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-121                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

―――――――――――

NO. 05-4560

―――――――――――

KENNETH ANDERSON,

Appellant

v.

BUREAU OF PRISONS;
WARDEN USP LEWISBURG JOSEPH V. SMITH;
REGIONAL DIRECTOR D. SCOTT DODRILL;
ADMINISTRATOR HARRELL WATTS,
National Inmate Appeal, Office of General Counsel;
J. HEMPHILL,
Health Service Administrator, USP Lewisburg

―――――――――――――――――――――

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-02666)
District Judge: Honorable William W. Caldwell

―――――――――――――――――――

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
February 9, 2006

BEFORE: ROTH, FUENTES and VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed: April 11, 2006)

―――――――――――

OPINION

―――――――――――

PER CURIAM

Kenneth Anderson appeals the dismissal of his civil rights complaint by the United States District Court for the Middle District of Pennsylvania. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

In December 2004, Anderson filed a complaint pursuant to 42 U.S.C. § 1983, alleging Eighth Amendment claims of deliberate indifference to his serious medical needs–an ongoing knee and lower back condition. Specifically, Anderson claimed the defendants misdiagnosed his knee and back pain and provided "conservative" treatments that were ineffective. For relief, Anderson sought an independent medical evaluation, an MRI, and damages.

Defendants filed a motion to dismiss, or in the alternative, for summary judgment arguing that Anderson failed to state a claim for relief. The District Court granted defendants' motion and dismissed Anderson's complaint. The District Court also denied Anderson's motion for injunctive relief. Anderson timely filed a notice of appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Having granted Anderson leave to proceed in forma pauperis on appeal, we must now determine whether his appeal should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Summary judgment is proper only if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law. See

2

Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

With respect to defendant Hemphill, Anderson's Bivens[1] action fails because Hemphill, as USP-Lewisburg's Health Services Administrator, is a member of the United States Public Health Service (USPHS). See Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000) (under 42 U.S.C. § 233(a), members of the Public Health Service are immune from suit in a Bivens action if the injury for which compensation is sought resulted from the performance of a medical or related function while acting within the scope of their office or employment). Anderson's exclusive remedy for injuries caused by a member of the USPHS is against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671, et. seq.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those [] incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). To establish a medical claim based on the Eighth Amendment, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004). Without the requisite mental state, a prison official's conduct alone will not constitute deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a successful claim, and an inmate's disagreement

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

3

with medical treatment is insufficient to establish deliberate indifference. See Durmer v. O'Carroll, 991 F.2d 64, 68-69 (3d Cir. 1993). Also, a civil rights claim cannot be premised on a theory of respondeat superior. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences alleged by the plaintiff to be unlawful. Id.

In this case, the District Court noted that because the Bureau of Prisons defendants (Warden Smith, Regional Director Dodrill, or Administrator Watts) are not health workers, Anderson failed to state an Eighth Amendment claim of deliberate indifference against them. We agree. See Durmer, 991 F.2d at 69 (stating that prison personnel who were not physicians could not be considered deliberately indifferent for failing to respond to an inmate's medical needs when the inmate was already receiving treatment from the prison's medical staff). Moreover, none of the defendants is alleged to have any direct contact with Anderson regarding his medical care concerns. Anderson simply identifies the defendants by their titles in his complaint and does not mention them anywhere in his statement of the claim. As there is no respondeat superior liability in a civil rights action, he cannot hold these defendants responsible for the acts of their subordinates simply because of their supervisory positions. See Rode 845 F.2d at 1207. Furthermore, we agree with the District Court that his allegations do no more than allege "mere" negligence. See Durmer, 991 F.2d at 67.

For the foregoing reasons, Anderson's appeal will be dismissed under 28 U.S.C.

§ 1915(e)(2)(B) for lack of legal merit.